# Davidson's Estate (No. 1).

*Will—Distribution—Advancements—Interest—Executors and adminis-trators.*

Where a widow, having a right to use all the income of an estate, uses only a part of it, and permits the executor to pay out large sums of money to certain of the legatees instead of keeping all the funds invested until final distribution, and it appears that the widow did not intend that such payments should be made as a gift, but did intend that they all should be repaid, or accounted for to the estate, such payments to the legatees should bear interest from their date to the time of distribution of the estate.

Argued Oct. 23, 1902. Appeal, No. 102, Oct. T., 1902, by Charles Davidson, from decree of O. C. Beaver Co., March T., 1902, No. 17, dismissing exceptions to auditor's report in estate of Daniel R. Davidson, deceased. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of M. F. Mecklen, Esq., auditor.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*J. F. Reed,* for appellant.

*John M. Buchanan,* with him *Winfield S. Moore,* for appellees.

OPINION BY MR. JUSTICE POTTER, January 5, 1903 :

Daniel R. Davidson died on March 18, 1884. By his last will and testament he gave to his wife, Mary Clark Davidson, a life estate in the real estate, and the income and interest of the personal estate at will, or absolutely. At her death the entire estate was to be equally divided among the children of the testator. The widow had the right to use all of the income if she saw fit to do so, but if she did not take it all, whatever was left, would necessarily remain as a part of the estate of her husband, which at her death was to be divided equally among the children. As a matter of fact she did not use nearly all of the income, and large sums were left in the hands of the executor as part of the corpus of the estate.

The appellant, Charles Davidson, is the executor, and as such has been in charge of the estate since his father's death in 1884.

Instead of keeping all the funds of the estate employed in outside investments, until the period of final distribution should arrive, the executor paid from time to time large sums of money to himself and to certain of his brothers as legatees, the amount thus paid to himself being largely in excess of that paid to any of the others. In making these payments the executor secured the consent of the widow. But as pointed out by the auditor in his report, the fact that she approved or authorized these payments to be made by the executor of her husband's will, as executor, he to take receipts therefor as such, and to account for and claim credit for them as executor; and the further stipulation upon her part that these sums should be charged against the children in the final settlement of the estate, make it clear that she did not in any way treat these payments as gifts from her separate estate.

Undoubtedly if she had chosen to do so, she might have reduced all the income to her own possession, and then distributed it to her sons as gifts from herself; but in her testimony she distinctly repudiates the idea that anything paid out by the executor to her sons was a gift from her, and she distinctly asserts that it was all to be repaid, or to be accounted for to the estate. And whatever the amount of the estate, it was, under the terms of the will, to be equally divided among the children.

There is no room for the distinction suggested in the argument for the appellant—between appropriating the whole of the income, and merely directing its use, during the lifetime of the widow. Appellant admits that she did not take for herself all the income, and the auditor and the court below have found nothing in the evidence to justify the conclusion that the widow did, or intended to direct or authorize the use of any portion of the income by the executor and certain other children of the testator for their own personal benefit, and to the disadvantage of the other legatees.

The only conclusion therefore that can be drawn from the actual facts of the transaction, is that the payments were made by the executor out of the funds belonging to the estate, to

certain of the legatees at a time prior to the period of distribution. As the auditor well says, if these sums had been otherwise invested, the interest thereon would have augmented the estate to the mutual benefit of all the legatees. He therefore very properly reaches the conclusion of law that, "in the equalization of the shares to be distributed to the legatees, said sums should bear interest."

This conclusion and the computation of interest, made in pursuance thereof, and the schedule of distribution which properly followed, were confirmed by the court below. The result thus reached is just and equitable, and carries out the intention of the testator, that after the death of his wife, each of his children should take equally from his estate.

The decree of the court below dismissing the exceptions to the auditor's report is affirmed. The account shows a large balance, which presumably has remained invested, or drawing interest; and therefore, to the amount ascertained to be in the hands of the executor for distribution, should be added interest, during the pendency of this appeal, which is hereby dismissed at the cost of the appellant.